UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MONIQUE C. WALLACE, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No. 22-cv-00472 (APM) <br> ) |
| ARAMARK @ CAPITAL ONE ARENA, | ) <br> ) |
| Defendant. | ) <br> ) |

MEMORANDUM OPINION AND ORDER

**I.**

This matter is before the court after removal from the Superior Court of the District of Columbia. Plaintiff Monique C. Wallace proceeds pro se in her complaint against Defendant Aramark @ Capital One Arena.[1] Defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons below, the court grants Defendant's Motion to Dismiss.

**II.**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of this minimum pleading standard is to give a defendant fair notice of the claims being asserted such that the

---

[1] Aramark @ Capital One Arena was improperly named as the defendant. The proper corporate entity is Aramark Campus, LLC. *See* Notice of Removal, ECF No. 1, at 1.

defendant can prepare a responsive answer and adequate defense. *See Butler v. Cal. St. Disbursement Unit*, 990 F. Supp. 2d 8, 9 (D.D.C. 2013). While pleadings filed by pro se litigants are held to less stringent standards than those drafted by lawyers, pro se litigants "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–679).

### III.

In her Complaint, Plaintiff alleges, in relevant part, the following:

> I am looking to sue Aramark for negligence (work negligence) and two/three counts of racism/racist acts against me! This is unbelievable as to what has happened to me. It has been very much triggering to my mental health diagnosis of PTSD and anxiety! No employer should commit such acts and they should not allow it in the workplace. I hope that someone will give me what I am owed.

Notice of Removal, ECF No. 1, Ex. A, ECF No. 1-1 [hereinafter Compl.], at 2.[2]

Read liberally, the court construes the Complaint as alleging four claims: (1) racial discrimination; (2) hostile work environment; (3) intentional infliction of emotional distress ("IIED"); and (4) negligence. Interpreting the Complaint in the light most favorable to the pro se Plaintiff, the court finds that the Complaint fails to state a claim.

### A.

First, Plaintiff alleges "racist acts" but makes no factual allegations that could support a theory of racial discrimination. Instead, Plaintiff makes only the conclusory allegation that she "experienced racism" while "working in the other lounge area." Compl. at 1. "[L]egal conclusions cast in the form of factual allegations" are not sufficient to satisfy Rule 8(a). *City of Harper Woods Employees' Ret. Sys. v. Olver*, 589 F.3d 1292, 1298 (D.C. Cir. 2009). Moreover, to the extent

---

[2] The court uses PDF pagination for all references to this exhibit.

Plaintiff intends to bring a racial discrimination claim under Title VII, the federal statute prohibiting workplace discrimination, any such claim would fail because Plaintiff has not pleaded the exhaustion of administrative remedies. *See Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010).

**B.**

A hostile work environment claim fails for similar reasons. To state a plausible hostile work environment claim, a plaintiff must allege facts showing that "the workplace [was] permeated with discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations omitted).

Plaintiff has alleged that, after she was "sexually assaulted by a male employee," she was moved "to another lounge area to work." Compl. at 1. Plaintiff has not alleged any factual details to establish a hostile working environment based on sexual abuse, racism, or any other basis. Instead, she has asserted that, after she suffered a sexual assault, the situation was addressed by her employer, and that she later suffered unspecified "racism" but had "no one to talk to" about it. *Id.* Such summary allegations, and an affirmative indication that Defendant took corrective action about the complaint, are together insufficient to state a claim. *See, e.g.*, *Roof v. Howard Univ.*, 501 F. Supp. 2d 108, 115 (D.D.C. 2007) (holding that the plaintiff failed to state a hostile work environment claim where employer took prompt, corrective action in response to alleged wrongdoing).

**C.**

To the extent Plaintiff's Complaint can be read to raise an IIED claim, the Complaint also fails to satisfy the minimal pleading requirements of Rule 8. To establish a prima facie claim of IIED, "a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant

which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Smith v. Clinton*, 886 F.3d 122, 129 (D.C. Cir. 2018) (quoting *Armstrong v. Thompson*, 80 A.3d 177, 189 (D.C. 2013)). The Complaint again fails to make out the necessary factual allegations to state a claim, such as what extreme or outrageous conduct was committed against her "on the part of the defendant." *Id.* Thus, Plaintiff has failed to state a claim for IIED.

### D.

Finally, Plaintiff's negligence claim also fails. Setting aside the issue of whether such a claim would be barred by worker's compensation law, *see* D.C. CODE § 32-1503, Plaintiff has again failed to allege any factual basis to demonstrate how Defendant breached a duty that was owed to her.

### IV.

In sum, Plaintiff's Complaint does not, at this juncture, contain a "short and plain statement" of material facts sufficient to convey the nature of the dispute and permit Defendant to adequately respond. Nothing in this opinion, however, should be read to foreclose Plaintiff from amending her Complaint to provide sufficient factual allegations to support her claims. If Plaintiff wishes to file an amended complaint, she shall do so by January 3, 2023. If she does not, the court will dismiss this action.

For the foregoing reasons, the court grants Defendant's Motion to Dismiss, ECF No. 3, without prejudice.

Date: December 7, 2022

_____
Amit P. Mehta
United States District Court Judge